UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER SHUCKRA,
    *Plaintiff*,

v.

UNITED STATES,
    *Defendant.*

No. 3:19-cv-1923 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Christopher Shuckra ("Plaintiff") sued Community Health Services, Incorporated ("Community Health") and Randy P. McKenney in Connecticut Superior Court, seeking damages for an alleged violation of his privacy and disclosure of protected health information to third parties. Notice of Removal, Ex. A, ECF No. 1-1 (June 12, 2019) ("Compl.").[1]

Community Health and Mr. McKenney removed the case to this Court under 42 U.S.C. § 233(c). Notice of Removal.

On the same day, the United States (the "Government") substituted itself as the proper party defendant and moved to amend the case caption. Notice of Substitution of United States as Defendant and Motion to Amend Case Caption, ECF No. 3 (Dec. 6, 2019) ("Notice of Substitution").

The Government moved to dismiss the suit for lack of subject-matter jurisdiction. Motion to Dismiss, ECF No. 4 (Dec. 6, 2019) ("Mot.").

For the following reasons, the Government's motion to dismiss is **GRANTED.**

---

[1] Ex. A to the Notice of Removal is Mr. Shuckra's small claims writ and notice of suit commencing his action before the Connecticut Superior Court Judicial District of Hartford, Small Claims Session. *See Christopher Shuckra v. Comm. Health Servs., Inc. and Randy P. McKenney*, No. HHD-cv19-5059993-S (Conn. Super. Ct. June 12, 2019).

I.    FACTUAL AND PROCEDURAL BACKGROUND

   A.    Factual Allegations

In July 2017, Mr. Shuckra sought medical treatment for a severe asthmatic condition at Community Health in Hartford, Connecticut. Compl. at 2.

Mr. Shuckra alleges that Community Health "failed to provide [him] necessary medical treatment . . . and instead the medical staff at the check-in desk contacted the Internal Security Department and the Hartford Police Department as the plaintiff had recently violated his probation and there was a Prawn re-arrest warrant issued for [him]." *Id.*

Mr. Shuckra alleges that Community Health "and certain unknown staff also violated [his] privacy rights and possibly federal HIPPA [sic] laws by sharing the details of his medical condition with non-medical staff as well as members of the Hartford Police Department without the plaintiff's permission and authorization and the plaintiff was NOT in [police] custody." *Id.* (emphasis in original).

On November 26, 2019, Leonard Boyle, the First Assistant United States Attorney for the United States Attorney's Office, District of Connecticut, certified, under 42 U.S.C. § 233(c), that Community Health served as a health care provider under the Federally Supported Health Care Centers Assistance Act ("FSHCCA") at the time of the incident out of which the Plaintiff's claims arose.[2] *See* Certification of Scope of Employment Pursuant to 42 U.S.C. § 233(c), ECF No. 1-2 ("Boyle Decl.").

---

[2] "The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the covered person was acting at the time of the incident out of which the suit arose under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy." 28 C.F.R. § 15.4(b). The Government represents that "the United States Attorney for the District of Connecticut has delegated this authority to the First Assistant United States Attorney and to the Chief of the Civil Division." Mot. to Dismiss at 3 n.3.

Mr. Boyle also certified that Mr. Kenney, sued in his official capacity as the Chair of the Board of Directors of Community Health, was acting within the scope of his employment of the Public Health Service at the time the incident out of which the Plaintiff's claims arose. *Id.*

Mr. Shuckra has not filed any administrative claims with the United States Department of Health and Human Services ("HHS"). Declaration of Meredith Torres, ECF No. 4-2 (Dec. 6, 2019) ("Torres Decl.").

### B.     Procedural History

On June 12, 2019, Mr. Shuckra filed a Small Claims Writ and Notice of Suit before the Connecticut Superior Court, Judicial District of Hartford, Small Claims Session. Notice of Removal, Ex. A.

On December 6, 2019, Community Health and Mr. McKenney removed the action to this Court. Notice of Removal. The statutory bases for removal, as stated by the Government, were 42 U.S.C. § 233(c)[3] and 28 U.S.C. §§ 1442(a)(1) and 1446. *Id.*

The same day, the Government filed a notice of substitution of the United States as Defendant and moved to amend the case caption accordingly. Notice of Substitution.

Also, on that same day, the Government moved to dismiss the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot.

On December 27, 2019, this Court substituted the United States as Defendant and granted the motion to amend the case caption accordingly. Order, ECF No. 11 (Dec. 27, 2019).

---

[3] Under 42 U.S.C. § 233(c), "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the [appropriate] district court...."

## II. STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . . the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "A defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (omission in original) (quoting *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). "If the extrinsic evidence presented by

4

the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision . . . ." *Id.*

Finally, because this case has been filed *pro se*, any findings must be construed "liberally" and interpreted "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). Despite this special solicitude, any pleading still must meet the "pleading standards otherwise prescribed by the Federal [R]ules of Civil Procedure" in order for the case to proceed. *Suares v. Verizon Commc'ns Inc.*, No. 11-civ-5050 (LAP), 2012 WL 4571030, at *3 (S.D.N.Y. Sept. 29, 2012) (internal quotation marks omitted).

### III. DISCUSSION

On December 6, 2019, Defendant moved to dismiss Mr. Shuckra's action. Mot. Defendant's motion sets forth two arguments: that the Complaint (1) "fails facially because it does not allege that Plaintiff exhausted his administrative remedies," and (2) "fails factually because he never filed an administrative claim to HHS." Memorandum in Support of Motion to Dismiss, ECF No. 4-1, at 5 (Dec. 6, 2019) ("Def.'s Mem.").

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such 'limited waiver' of sovereign immunity is provided by the [Federal Tort Claims Act ("FTCA")], which 'allows for a tort suit against the United States under specified circumstances.'" *Id.* (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). The FTCA "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death. . . ." *Celestine v. Mt. Vernon Neighborhood*

*Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). And 42 U.S.C. § 233(a) "makes the [FTCA] the exclusive remedy for specific actions against members of the Public Health Service." *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000).

Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see also Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) ("[A] plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court."). "This procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*." *Adeleke*, 355 F.3d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The FTCA's requirement that a claimant exhaust all administrative remedies before commencing an action in federal court "is jurisdictional and cannot be waived."[4] *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

---

[4] The Government contends that the Supreme Court's decision in *United States v. Kwat Fun Wong*, 575 U.S. 402, 411–12 (2015), "did not alter the Supreme Court's prior holding that exhaustion (timely or untimely) is a jurisdictional prerequisite for bringing an FTCA claim." Def.'s Mem. at 6 (quoting *Stark v. Tryon*, 171 F. Supp. 3d 35, 38 n.1 (D. Conn. 2016)). The Government notes that several district courts in this circuit, and at least one circuit court, have reached this conclusion. *Id*. at 6 & n.5 (citing *Rosario v. Brennan*, 197 F. Supp. 3d 406, 412 (D. Conn. 2016); *Barber v. United States*, 642 F. App'x 411, 413, 415 n.3 (5th Cir. 2016); *Roberge v. McAndrew*, No. 1:15-cv-1522, 2016 WL 3248400, at *3–4 (N.D.N.Y. June 13, 2016). This Court need not, and does not, address that issue today because even if *Wong* applied to subject the FTCA's administrative exhaustion requirement to equitable tolling, Mr. Shuckra's Complaint alleges no facts showing he "pursued his rights diligently but some extraordinary circumstance prevent[ed] him from" doing so. *Wong*, 575 U.S. at 408 (internal quotation marks and citation omitted); *see also Rosario*, 197 F. Supp. 3d at 412–13 (because the plaintiff "made no showing that she diligently attempted to comply with the presentment requirement or that any extraordinary circumstance stood in her way.... even if the Court were to hold that the presentment requirement is non-jurisdictional, Plaintiff's claim would be dismissed as unexhausted"); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 727–28 (E.D.N.Y. 2015) (dismissing action where "there [wa]s nothing in the complaint to suggest that the plaintiffs exhausted their administrative remedies under the FTCA.").

The Government has presented both a factual and a facial challenge to subject-matter jurisdiction, arguing that Mr. Shuckra not only failed to exhaust his administrative remedies as required by the FTCA because he never filed a claim with HHS, but also that he failed to make this allegation in his state court Complaint. Def.'s Mem. at 5–7.

The Court agrees.

"The plaintiff . . . bears the burden of showing that [he] exhausted [his] administrative remedies by presenting [his] claim to the appropriate federal agency before filing suit." *Cooke*, 918 F.3d at 81 (citing 28 U.S.C. § 2675(a); *Payne v. United States*, 10 F. Supp. 2d 203, 204 (N.D.N.Y. 1998)).

Mr. Shuckra has not met this burden. His Complaint sets forth no facts pertaining to any potentially-filed administrative claims or responding to Defendants' proffered evidence, demonstrating that Mr. Shuckra has not presented his claim for review to the appropriate agency. Torres Decl. ¶¶ 2-4; *see Hallowell v. United States*, No. 3:06-cv-0412 (RNC), 2007 WL 708634, at *1 (D. Conn. Feb. 25, 2007) (dismissing case for lack of subject-matter jurisdiction where "Plaintiff's complaint does not allege exhaustion of administrative remedies, and she offers no evidence in response to the motion to dismiss to suggest that she has complied with the exhaustion requirement."). Here, there is "no evidence on the record . . . that Plaintiff has ever even filed, let alone filed and been denied, an administrative claim with HHS—the relevant federal agency in this matter." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399–400 (S.D.N.Y. 2003), *aff'd*, *Celestine*, 403 F.3d 76.

Mr. Shuckra therefore has not alleged any facts that would allow this Court to find it has jurisdiction under the FTCA. *See Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 301 (D. Conn. 2001) (the "failure to file claims for tort damages with the appropriate agency precludes this court from

7

exercising jurisdiction over those claims"); *Bilyeu v. Phoenixville Hosp. Co., LLC*, No. 17-1456, 2017 WL 2572515, at *2 (E.D. Pa. June 14, 2017) ("Unless and until [the plaintiff] files an administrative claim and HHS finally denies that claim, this Court does not have jurisdiction over the matter.").

Accordingly, Mr. Shuckra's claim will be dismissed without prejudice. *Gevaert v. Comm. Health Ctr., Inc.*, No. 3:14-cv-177 (MPS), 2014 WL 2779284, at *1 (D. Conn. June 19, 2014) ("The proper course is to dismiss the case without prejudice, allowing Plaintiff to institute a separate remedy once all administrative remedies have been exhausted.").

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant dismissing the action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 25th day of September, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE